IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 22-cv-01870-PAB

VIRGIL EARP,

    Applicant,

v.

WARDEN STAR,

    Respondent.

---

**ORDER ON APPLICATION FOR WRIT OF HABEAS CORPUS**

---

This matter is before the Court on the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, Docket No. 1, filed *pro se* by Applicant, Virgil Earp. Mr. Earp challenges a prison disciplinary conviction that resulted in a loss of good conduct time credits. On November 1, 2022, the Court ordered Respondent to show cause why the Application should not be granted. On December 1, 2022, Respondent filed a Response to Order to Show Cause, Docket No. 17. On February 21, 2023, Mr. Earp filed a reply captioned "Applicant's Reply to Respondent's Order to Show Cause," Docket No. 27. After reviewing the pertinent portions of the record in this case, the Court finds and concludes that the Application should be denied.

**I. BACKGROUND**

Mr. Earp is a prisoner in the custody of the Federal Bureau of Prisons ("BOP") at the United States Penitentiary in Florence, Colorado. On June 28, 2020, Mr. Earp was served with an Incident Report charging him with a disciplinary offense based on his

possession of a cellular telephone. *See* Docket No. 17-4 at 5-7. On July 1, 2020, a hearing was held before a Discipline Hearing Office ("DHO"). The DHO concluded Mr. Earp "committed the prohibited act of Possession of an Unauthorized Electronic Device (cellular telephone), code 108." Docket No. 17-4 at 2. The DHO provided the following description of the specific evidence on which he relied:

> The DHO based his findings on the reporting Officer's eyewitness report. At approximately 3:15AM I, Ofc. C. Stephens was conducting count on the top tier in ACH-3. As I passed by cell A06-630, I observed inmate EARP, VIRGIL #33204-171 sitting on the edge of the bottom bunk on a phone. As I reached for my keys to open the food slot, inmate EAR[P], VIRGIL #33204-171 ad [sic] jumped out [of] the bed and ran to the door. I ordered the inmate to give me the phone and he denied that he had a phone. As I called for [a] lieutenant to come to ACH-3, detainee EAR[P], VIRGIL #33204-171 passed me a black phone charger under the door and continued to deny that he had a phone. Once Lieutenant Smith arrived to the unit, inmate EAR[P], VIRGIL #33204-171 passed me a small black L8STAR phone. Phone was taken and reported to the lieutenant's office. END OF REPORT.
>
> The DHO considered your statement that stated the report is not true: I haven't been to A&O and don't know the rules. I did have a phone though. You did not present any evidence to refute the Officer's statement. The DHO found base[d] on the greater weight of the evidence in the Officer's written account of the incident (the reporting staff member is under a legal obligation to report truthful and accurate facts). Additionally, Program Statement 5270.09, Page 39, "It is your responsibility to keep your area free of contraband." Your inmate handbook stated under the Searches heading; you will be held responsible for all contents of your locker, room, and on your person. If any unauthorized items, or "CONTRABAND", are found during any of the searches, they will be confiscated and you will be subject to disciplinary action. Additionally, the DHO explained even though you have not been to A&O [you] have the knowledge to understand that a cellular phone in a correctional environment is not acceptable. You also understand if cellular phone[s] were allowed in the institution, they would be provided to you or you would be able to purchase them from the commissary. Lastly, the DHO determined you would have had much to lose by accepting responsibility or being truthful in this matter. Accordingly, it is the finding of the DHO that you committed the prohibited act as charged.

*Id.* Mr. Earp was sanctioned with loss of privileges (commissary and telephone) for six months, disciplinary segregation for thirty days, and loss of forty days of good conduct time credits. *Id.*

Mr. Earp asserts two claims in the Application contending he was denied due process. Both claims are premised on his argument that the DHO found him guilty of possessing drugs and tobacco rather than possession of a cellular telephone. In support of this argument, Mr. Earp points to the first paragraph in the section of the DHO report that provides the reason for each sanction or action taken. That paragraph reads as follows:

> The action/behavior on the part of any inmate to use or possess drugs and tobacco poses a serious threat to the health, safety, and welfare of not only the inmate involved, but all other inmates and staff alike. This sort of illicit item can be used to trade or barter with amongst inmates, and is often the reason for inmates incurring debts to other inmates. Those who use narcotics have become violent toward others, and this behavior cannot be tolerated.

*Id.* The remaining paragraphs explaining the reason for each sanction provide as follows:

> Loss of privileges was imposed due to your poor institution adjustment and behavior. Privileges are meant for those inmates who follow rules and regulations and do not present a management problem for staff or pose a threat to the security of the institution, self, or others.
>
> Disciplinary Segregation is imposed due to the severity of your offense. It is apparent that your adjustment in population has been poor up to this point. Hopefully, this sanction will influence your future decisions to commit offenses such as these. Loss [of] privileges are imposed to show you that your act resulted in the loss of highly regarded privileges. Disallowance of Good Conduct Time is imposed as required by the Sentencing Guidelines (PLRA).

> The DHO hopes these sanctions will convince you to abide by all institution rules and regulations and will also emphasize to you this type of behavior will not be tolerated, and as well as, an immediate deterrent from future rule infractions.

*Id.*

Mr. Earp specifically claims he was denied due process because he did not receive notice he was being charged with possession of drugs and tobacco, which prevented him from preparing a defense to that charge. He also claims he was denied due process because no evidence was presented at his disciplinary hearing to support a conviction for possession of drugs and tobacco. As relief Mr. Earp asks the Court to reverse all sanctions and order the BOP to restore forty days of good conduct time credit.

## II. LEGAL STANDARDS

The Court must construe the Application and other papers filed by Mr. Earp liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

An application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). Habeas corpus relief is warranted only if Mr. Earp "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.

4

§ 2241(c)(3).

In the context of prison disciplinary proceedings, "[i]t is well settled that an inmate's liberty interest in his earned good time credits cannot be denied without the minimal safeguards afforded by the Due Process Clause of the Fourteenth Amendment." *Mitchell v. Maynard*, 80 F.3d 1433, 1444 (10th Cir. 1996) (internal quotation marks omitted); *see also Howard v. U.S. Bureau of Prisons*, 487 F.3d 808, 811 (10th Cir. 2007) (citing *Mitchell* in the context of a federal prisoner's due process claim challenging a prison disciplinary conviction). However, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).

> Where a prison disciplinary hearing may result in the loss of good time credits, . . . the inmate must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.

*Superintendent v. Hill*, 472 U.S. 445, 454 (1985) (citing *Wolff*, 418 U.S. at 563-67). Furthermore, "revocation of good time does not comport with the minimum requirements of procedural due process unless the findings of the prison disciplinary board are supported by some evidence in the record." *Hill*, 472 U.S. at 454 (internal citation and quotation marks omitted).

## III. DISCUSSION

Mr. Earp does not challenge the adequacy of the notice he received with respect to the disciplinary charge of possession of a cellular telephone. To the extent the

Application could be read to assert such a claim, the claim lacks merit. The Incident Report provided to Mr. Earp specifies the offense of possession of a cellular telephone and identifies the date, time, and location of the violation, the offense code, and includes a summary of the charged conduct describing Mr. Earp's possession of a cellular telephone. *See* Docket No. 17-4 at 5-7. Thus, the notice was sufficient to allow Mr. Earp to marshal the facts and prepare a defense to that charge. *See Bogue v. Vaughn*, 439 F. App'x 700, 707 (10th Cir. 2011) (unpublished) (notice of charges that identified date, time, and place of incident along with a description of the incident and petitioner's participation was constitutionally adequate); *Brown v. Wyo. Dep't of Corrs.*, 234 F. App'x 874, 878 (10th Cir. 2007) (unpublished) (prison officials provided constitutionally adequate notice "by setting forth the offense codes charged, and a brief description of the charged conduct"); *Bower v. Jones*, 208 F. App'x 619, 621 (10th Cir. 2006) (same) (offense report that specified the offense code being charged and included a brief description of charge was sufficient notice); *see also Farrakhan-Muhammad v. Oliver*, No. 15-cv-02222-PAB, 2016 WL 8928568, at *4 (D. Colo. Oct. 20, 2016) (inmate "received constitutionally sufficient advance written notice of the disciplinary charge" where Incident Report "indicates the date, time, and place of the incident, describes what occurred and Applicant's participation in it, and specifies the charge against him by citing BOP offense code 224A"), *aff'd*, 677 F. App'x 478 (10th Cir. 2017).

      Mr. Earp also does not challenge the sufficiency of the evidence with respect to the disciplinary charge of possession of a cellular telephone. To the extent the

Application could be read to assert such a claim, that claim also lacks merit. Due process is satisfied in the prison disciplinary context if there is "some evidence" supporting the charge. *Hill*, 472 U.S. at 454. "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455-56; *see Mitchell*, 80 F.3d at 1445. The disciplinary decision can be upheld even if the evidence supporting the decision is "meager." *Mitchell*, 80 F.3d at 1445. Here, the Court's review of the record establishes that "some evidence" supports the disciplinary conviction for possession of a cellular telephone. In particular, the Incident Report on which the DHO relied describes the discovery of a cellular telephone in Mr. Earp's possession and Mr. Earp admitted at the DHO hearing that he had a telephone.

For these reasons, the Court finds that due process was satisfied regarding the disciplinary conviction for possession of a cellular telephone. However, the specific claims Mr. Earp asserts do not relate to the offense of possession of a cellular telephone. Instead, as noted above, Mr. Earp argues he actually was convicted of possessing drugs and tobacco rather than possessing a cellular telephone. The Court is not persuaded.

It is undisputed that the DHO report includes a single paragraph that refers to possession of drugs and tobacco in discussing the reason for each sanction taken. Nevertheless, the Court agrees with Respondent that the DHO's reference to

possession of drugs and tobacco rather than possession of a cellular telephone in that paragraph is a cut-and-paste error that does not change the disciplinary offense for which Mr. Earp was convicted. The record before the Court demonstrates Mr. Earp was charged with possession of a cellular telephone, Document No. 17-4 at 5, and that the DHO determined he "committed the prohibited act of Possession of an Unauthorized Electronic Device (cellular telephone), code 108," Docket No. 17-4 at 2. The DHO's recitation of the evidence on which he relied, recounted above, confirms that Mr. Earp was convicted of the disciplinary offense of possession of a cellular telephone. The mistaken reference to possession of drugs and tobacco in the first paragraph of the DHO's explanation of the reason for each sanction does not demonstrate that Mr. Earp was convicted of a completely different disciplinary offense. *See Bauer v. Warden FCI Williamsburg*, No. 6:16-cv-304-RMG, 2017 WL 318683, at *3 (D.S.C. Jan. 23, 2017) (a "typographical mistake" in a DHO Report that did not cause any prejudice during the course of the disciplinary proceedings "cannot support allegations of a due process violation"); *see also Rodriguez v. Williams*, No. 20-cv-00339-CMA, 2021 WL 1022705, at *4 (D. Colo. Mar. 17, 2021) ("A non-prejudicial typographical error [in an Incident Report] is of no constitutional significance.") (internal quotation marks omitted; brackets in original).

Because the Court rejects Mr. Earp's argument that he was convicted of possession of drugs and tobacco rather than possession of a cellular telephone, his specific due process claims challenging the adequacy of the notice and sufficiency of the evidence also lack merit. Mr. Earp seeks to avoid this result by arguing that the error

was not merely a typographical error and that he was prejudiced because "[w]ithout a factual and [accurate] disposition for the revocation of a prisoner's liberty, the right to appeal and/or to redress the Court is impeded." Docket No. 27 at 2 (second set of brackets in original). According to Mr. Earp, the right to appeal is a due process right. The Court disagrees because an administrative appeal is not among the due process requirements under *Wolff* and Mr. Earp does not identify any other authority that establishes such a right.

Next, Mr. Earp appears to argue he was denied due process because the reference to possession of drugs and tobacco means the DHO report did not adequately explain the reasons for the disciplinary action based on possession of a cellular telephone. As noted above, *Wolff* requires a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. *See Hill*, 472 U.S. at 454. Here, the DHO report clearly identifies the evidence on which the DHO relied and the typographical error in the section of the DHO report describing the reason for each sanction is not constitutionally significant. Therefore, this argument also lacks merit.

Finally, Mr. Earp raises a new argument in his reply regarding a delay in receiving the DHO report. According to Mr. Earp, he did not receive the DHO report until January 18, 2021, and the DHO had an opportunity to correct the typographical error prior to that date but did not do so. However, any delay in delivering the DHO report to Mr. Earp does not alter the substance of the DHO report or the fact that he was convicted of the disciplinary offense of possession of a cellular telephone. In short, Mr.

Earp fails to demonstrate his constitutional rights under *Wolff* somehow were violated as a result of the alleged delay in delivering a copy of the DHO report or the failure to correct the typographical error prior to delivery of the report. Therefore, he also is not entitled to relief with respect to this argument.

## IV. CONCLUSION

In conclusion, the Court finds that Mr. Earp is not entitled to relief and the Application will be denied. Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) is denied and this case is dismissed.

DATED March 3, 2023.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge